*NOT FOR PUBLICATION*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

| | | |
|---|---|---|
| SHASHI SEETARAM, | ) | D.C. CRIM. APP. NO. 2005/014 |
| | ) | |
| Appellant, | ) | Re: Sup.Ct.Crim. 281/2003 |
| | ) | |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) | |
| | ) | |
| Appellee. | ) | |

On Appeal from the Superior Court of the Virgin Islands
Superior Court Judge: Hon. Maria M. Cabret

**Considered: September 18, 2009**
**Filed: May 28, 2010**

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **BRENDA J. HOLLAR**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Linda Blair, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellant.

**Maureen Phelan, AAG**
St. Thomas, U.S.V.I.
    Attorney for Appellee.

**Per Curiam.**

## Memorandum Opinion

This matter is before the Court, for a second time, on Attorney Linda J. Blair's *Anders* brief and motion to withdraw as counsel.[1]

## I. FACTUAL AND PROCEDURAL POSTURE

Appellant Shashi Seetaram ("Seetaram" or "Appellant") and, his co-defendant at trial, Morris Huggins ("Huggins") worked for St. Croix Radiator "Radiator"). Radiator was owned by Samuel Viera ("Viera"). Viera's son Israel Viera ("Israel") and Israel's girlfriend, Roxanne Moolenaar ("Moolenaar") lived on Radiator's premises. According to counsel's *Anders* brief, Israel claimed that on June 2, 2003, during the course of an argument, Seeteram struck him with a pipe. Counsel further asserts that at trial, Moolenaar testified that she was beaten, by Huggins, but not beaten by Seeteram.

Seeteram was convicted of assault in the third degree, in violation of V.I. Code Ann. tit 14, § 297(2), and possession of a deadly weapon during the commission of a crime of violence, in violation of V.I. Code Ann. tit. 14, § 2251(a)(2)(B). On February

---

[1] This Court notices a disturbing trend of inadequate *Anders* briefs that will not be countenanced.

2, 2005, Seeteram filed this timely appeal.

On January 16, 2007, Seetaram's counsel, Attorney Linda Blair, ("counsel") filed a brief asserting issues for appeal that were bereft of merit and also sought to withdraw as Seeteram's counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967).[2] Counsel raised two possible issues for review in her brief: whether the trial court erred in prohibiting testimony proffered to prove witness bias; and whether the sentence imposed on Seetaram was improper. In support of her brief, counsel filed an appendix consisting of excerpts of the trial transcript concerning prohibited bias testimony; the order of judgment and commitment; the sentencing hearing transcript; the notice of appeal; a letter from former Virgin Islands Senator Ronald E. Russell concerning revising mandatory minimum sentences; and a New York Times article on federal sentencing laws.

On October 19, 2007, this Court convened to consider counsel's *Ander's* brief. It was however, observed that counsel's appendix in support of her *Anders* brief was devoid of trial, pre-trial or post-trial motions, or relevant hearing transcripts necessary for this Court to independently scour the record for

---

[2] Counsel also filed a certificate of service indicating that she served Seeteram with her *Anders* brief, in accordance with *Anders*, 386 U.S. at 744, to permit him an opportunity to independently point the Court to any issues he deems meritorious.

non-frivolous issues. Consequentially, we required counsel to submit a supplemental appendix containing an appropriate record for us to conduct a thorough *Anders* evaluation. Counsel was also required to file a complete trial transcript.

On April 4, 2009, counsel filed a supplemental appendix containing, *inter alia*: Seeteram's motion for extension of time, notice of judgment and commitment, motion for the court to consider letters of good standing, a record of proceedings, proposed jury instructions, witness list, Seeteram's motion for reduction of bail, his motion for release pending trial and the pre-sentence interview report. Conspicuously absent, however, from both the original and supplemental appendix were the charging document and full transcript of the trial court proceedings.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to consider judgments and orders of the Superior Court in criminal cases. Revised Organic Act § 23A, 48 U.S.C. § 1613a;[3] Act No. 6687 § 4(2004). We review *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statutes.

---

[3] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541- 1645 (1994), *reprinted in* V.I.CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2003) (preceding V.I.CODE ANN. tit. 1) ["Revised Organic Act"].

However, we afford the more deferential clear error review to factual determinations. *See Gov't of V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I. App. Div. 2001).

We adhere to a two-part inquiry when analyzing *Anders* briefs. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). First, we must determine whether counsel adequately fulfilled the [*Anders*] rule's requirements; and second, whether an independent review of the record presents any nonfrivolous issues". *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)(citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). With regard to the first issue, an attorney submitting an *Anders* brief has the duties "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* (citation omitted).

### III. ANALYIS

Under the first inquiry, we are not satisfied that counsel has thoroughly examined the record for appealable issues. *See, e.g., United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

During our initial review of counsel's *Anders* brief, we specifically noted that her original appendix was devoid of relevant trial transcripts. We made counsel aware that a complete record of the trial court proceedings was critical to

determining whether Seeteram's appeal potentially supported any meritorious issues. *See Maddox v. Government of the Virgin Islands*, 121 F. Supp. 2d 457, 460 (D.V.I. 2000)(a reviewing court may not simply accept counsel's assessment of the appeal but, rather has a responsibility to conduct an independent examination of the proceedings "to decide whether the case is wholly frivolous"). In the interest of facilitating this appeal, we allowed counsel to supplement her substantively barren appendix. However, counsel's supplemental appendix is as substantively bare as her initial one.

In her *Anders* brief, counsel notes that the victims, Israel and Moolenaar, testified to the events giving rise to Seeteram's prosecution. (Appellant's Brief 9.) However, Israel and Moolenaar's trial court testimony remains flagrantly missing from the record submitted. Counsel further asserts that Seeteram was charged with third degree assault and possession of a dangerous weapon during the commission of a crime of violence stemming from the June 2, 2003 incident. Inexplicably omitted from the record, was the charging document describing the statutory offenses levied, the date those offenses occurred and the victims affected.

Complete transcripts are the touchstone of our independent review of the record. See *Benjamin v. Gov't of the V.I.*, 2005

U.S. Dist. LEXIS 34499 (D.V.I. 2005)("short appendix consisting of limited pages excerpted from the trial transcript, does little to aid this Court's review of the cold record"); *see also Maddox*, 121 F.Supp. 2d at 460 (finding appendix to support *Anders* brief insufficient). Here, without the trial court transcripts, we may only speculate as to whether counsel's characterization of Israel and Moolenaar's testimony is accurate. Likewise, without the charging document we cannot fully ascertain whether the Government sustained its burden of proof against this defendant charged with criminal offenses.

Under the second inquiry, the brief submitted does not demonstrate that counsel has sufficiently examined the issues she characterizes as frivolous. *See Anders*, 386 U.S. at 744 (an attorney may not simply submit a bare assertion of no merit but, rather, must submit a brief which refers "to anything in the record that might arguably support an appeal," along with reasoning to support her conclusion that the issues are frivolous). Counsel asserts that Seeteram's defense was premised on witness bias. (Appellant's Brief 10.) She explains that there was animosity between Seeteram and the victims, and that Seeteram contends that the victims were lying when they identified him as their attacker. (*Id.*) Although counsel surmises that her client's bias argument is frivolous, her *Anders* brief is bereft of any

case law that supports her position. (*See* Appellant's Brief 10-11.)

In her *Anders* brief, counsel also acknowledges that Seeteram's co-defendant, Morris Huggins, was "prevented from testifying as to his contention that the victims lied about the identity of the attackers to cover up improper business practices." (*Appellant's brief* at 11.) However, in support of her withdrawal motion, counsel summarily notes that the court "did allow some testimony on these issues", and coldly comforts us that any testimony excluded was "at most harmless error." (*Id.*) Here, we find counsel's *Anders* brief woefully insufficient, because she neglects to examine why such error was harmless or explain why the court's exclusion of Huggins' bias testimony was proper in light of other admitted testimony. (*Id.*)

Counsel in carrying out her duties need not "raise and reject every possible claim." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). However, her *Anders* brief "at a minimum <u>must assure us that [counsel] has made a sufficiently thorough evaluation of the record</u> to conclude that no further discussion of other areas of the case is necessary." *Marvin*, 211 F.3d at 780 (emphasis added). We are not assured.

Several options are available. *See Maddox*, 121 F. Supp. 2d at 460. We can deny counsel's motion until she submits a brief

in compliance with *Anders*. See *Anders* at 744. We can deny counsel's motion and press her to fully pursue this appeal. We can also appointing new counsel, so long as Seeteram's Sixth Amendment right to counsel is preserved. See *Maddox*, 121 F.Supp 2d at 460 (citing Martha C. Warner, Anders in the Fifty States: Some Appellants' Equal Protection is More Equal Than Others', 23 FLA. ST. U.L. REV. 625, 642-62 (1996) (discussing states' approaches to, abandonment of, and alternatives to the *Anders* brief to ensure effective representation of indigents on appeal)).

Here, given the delay that has already occasioned this appeal we direct counsel to pursue Mr. Seeteram's appeal by fully briefing the cognizable issues therein.

## IV. CONCLUSION

Finding counsel's brief not in conformity with *Anders*, we deny her motion to withdraw. See *Maddox*, 121 F.Supp 2d at 460. Counsel will continue to represent Mr. Seeteram, thereby safeguarding his Sixth Amendment right to the effective assistance of appellate counsel. *Id.*