FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

SHASHI SEETARAM,

    *Appellant,*

v.

GOVERNMENT OF THE VIRGIN
ISLANDS,

    *Appellee.*

D. C. Crim. App. No. 2005/014

Super. Ct. Crim. No. 281/2003

On Appeal from the Superior Court of the Virgin Islands, the
Honorable Maria M. Cabret presiding.

Considered: April 29, 2011
Filed: April 9, 2020

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge[1] of the District Court of
the Virgin Islands; and **RAYMOND FINCH**, Judge of the District
Court of the Virgin Islands.[2]

ATTORNEYS:

**Linda J. Blair, Esq.**
St. Croix, VI
    *For the Appellant, Shashi Seetaram,*

**Matthew C. Phelan, Esq.**
St. Thomas, VI
    *For the Appellee, Government of the Virgin Islands.*

---

[1] At the time this appeal was considered, Judge Curtis V. Gómez was the Chief Judge of the District Court of the Virgin Islands.

[2] While Judge Audrey L. Thomas of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, sat on the panel that considered this matter, she retired before the decision was issued.

| MEMORANDUM OPINION |
|---|

**PER CURIAM,**

In this appeal, Shashi Seetaram challenges his conviction for third degree assault and possession of a dangerous weapon during the commission of a crime of violence.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2003, Shashi Seetaram ("Seetaram") and Morris Huggins ("Huggins") worked for St. Croix Radiator. Samuel Viera owned St. Croix Radiator at the time. Israel Viera ("Viera") is the son of Samuel Viera. Viera and his girlfriend, Roxanne Moolenaar ("Moolenaar") lived on the business's premises.

Between 10:20 and 11:00 a.m. on the morning of June 2, 2003, Seetaram, Huggins, and an unidentified man arrived at St. Croix Radiator. (Trial Tr. at 59.) Viera and Huggins began to argue. Seetaram then hit Viera across his hip with an iron pipe. (Trial Tr. at 56.) Huggins also beat Moolenaar with an iron pipe. (Trial Tr. at 109, 112.) Both Viera and Moolenaar were taken to Juan Luis Hospital and were released that same day. (Trial Tr. at 89.)

Seetaram and Huggins were later arrested and charged in a criminal information. Both Seetaram and Huggins were charged with one count each of 1) third degree assault in violation of 14 V.I.C. § 297(2) and 14 V.I.C. § 11(a); and 2) possession of a

dangerous weapon during commission of a crime of violence in violation of 14 V.I.C. § 2251(a)(2)(B) and 14 V.I.C. § 11(a). (J.A. 3-5.) On February 9, 2004, a joint jury trial for Seetaram and Huggins commenced.

At the conclusion of the Government's case in chief, the trial court denied Seetaram's Rule 29 motion. (Trial. Tr. at 190-91.) After the trial court's ruling, Seetaram and Huggins elected to testify in their defense that they were not at St. Croix Radiator at the time of the assault and that they did not assault Viera or Moolenaar. According to the defendants, at the time that the victims alleged they were being attacked, Seetaram and Huggins were at the Department of Licensing and Consumer Affairs Office complaining to the Consumer Protections Director Alvin Allie Paul ("Paul") about St. Croix Radiator's business practice violations. (Trial Tr. at 206-207, 212, 229, 233.)

Paul testified that Seetaram and Huggins were at his office from approximately 10:00 a.m. to 10:30 a.m. for the purpose of following up about a complaint lodged against St. Croix Radiator. (Trial Tr. at 194, 200.) During cross-examination, Paul further testified that he had investigated prior complaints about St. Croix Radiator, and that it typically took him "under five minutes" to drive from his office to St. Croix Radiator (Trial Tr. at 204:1-15.)

Subsequently, Seetaram renewed his Rule 29 motion. (Trial Tr. at 254.) The trial court denied the motion.

The matter was submitted to the jury for deliberation. On February 11, 2004, the jury returned a guilty verdict against Seetaram on Count I, third degree assault in violation of 14 V.I.C. § 297(2) and 14 V.I.C. § 11(a); and Count II possession of a dangerous weapon during commission of a crime of violence in violation of 14 V.I.C. § 2251(a)(2)(B) and 14 V.I.C. § 11(a). (Trial Tr. at 41-42.). Seetaram was sentenced to a period of six months for his conviction on Count I and seven-and-one-half years for his conviction on Count II. Both sentences ran concurrently. (J.A. 69.) On February 2, 2005, Seetaram timely filed a notice of appeal. (J.A. 70.)

On appeal, Seetaram argues that there was insufficient evidence to support his conviction on all counts; that the trial court abused its discretion when it excluded testimony concerning witness bias; and that Seetaram was not effectively represented by counsel at trial.

## II. JURISDICTION

This Court has jurisdiction to consider final orders or judgments entered by the Superior Court in all criminal cases in which the defendant has been convicted, other than a plea of guilty. This Court has jurisdiction to consider final judgments

and orders of the Superior Court in criminal cases. Revised Organic Act § 23A, 48 U.S.C. § 1613a; Act 6687 § 4 (2004); Act 6730 § 5(2005)(amending Act 6687); V.I. Code Ann. tit. 4, § 33 (2006).

### III. STANDARD OF REVIEW

The standard of review for sufficiency of the evidence and constitutional claims is plenary. *See Newton v. Gov't of the V. I.*, 2005 WL 4850303, at *3 (D.V.I. App. Div. Sept. 19, 2005); *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998). We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *United States v. Donley*, 878 F.2d 735, 737-738 (3d Cir. 1989); *Williams v. Gov't of V.I.*, 271 F.Supp.2d 696, 702 (D.V.I. App. Div. 2003).

### IV. ANALYSIS AND DISCUSSION

#### A. Sufficiency of the Evidence

Review of the sufficiency of evidence supporting a conviction is "highly deferential." *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001) (internal citation omitted). The Court "must determine whether the evidence submitted at trial, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict." *Id.* (internal quotation omitted). "Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find

guilt beyond a reasonable doubt," may the Court overturn the jury's verdict. *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1990).[3]

Seetaram's sufficiency argument concerns his alibi defense and is best characterized as a challenge to the jury's credibility findings. Seetaram argues that he established at trial that he could not have been present at St. Croix Radiator to assault Viera or Moolenaar because he was at the office of Consumer Protection at the time of the assault. Paul testified that Seetaram and Huggins left his office at approximately 10:30 a.m. and that it takes about five minutes to drive from Paul's office to St. Croix Radiator. (Trial Tr. at 193-194, 204). Viera's father Samuel testified that he saw Seetaram and Huggins leave the property "after 10 going on 11." (Trial Tr. at 25-27.) This testimony indicates that Seetaram could have been at St. Croix Radiator when the events took place. Seetaram's position is at odds with the evidence adduced at trial.

---

[3] The criminal defendant who argues that the evidence against him is insufficient bears a heavy burden *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990). The inquiry is whether there was substantial evidence at trial which, when viewed along with all reasonable inferences which may be drawn therefrom in the light most favorable to the verdict winner, would permit a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *See Soto v. Gov't of the V.I.*, 344 F. Supp.2d 450, 453 (D.V.I. App. Div. 2004) (citing *Government of the V.I. v. Sampson*, 94 F.Supp.2d. 639, 643, 42 V.I. 247 (D.V.I. App. Div. 2000). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992).

Viera testified that Seetaram struck him across the hip with a pipe. Seetaram asks this Court to believe his version of the facts and overturn the jury's findings, arguing that Viera is lying because he is biased, and that Viera's testimony is implausible given Seetaram's alibi defense. Weighing Seetaram's alibi against Viera's testimony requires a determination of credibility.

It is "axiomatic that [credibility] determinations are the sole province of the jury." *Gov't of the Virgin Islands v. Henry*, 232 Fed. Appx. 170, 174 (3d Cir. 2007); *see also United States v. Jannotti*, 673 F.2d 578, 598 (3d Cir. 1982) (holding that "[c]redibility determinations are for the jury"). Credibility determinations "should not be disturbed unless they are inherently incredible."[4] *Petillo v. New Jersey*, 562 F.2d 903, 907 (3d Cir. 1977); *see also Georges v. Gov't of the Virgin Islands*, 119 F. Supp. 2d 514, 523 (D.V.I. App. Div. 2000). As such, we cannot agree with Seetaram.

---

[4] Testimony is deemed inherently incredible or improbable where it is "either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ." *Edwards v. Gov't of the V.I.*, 2004 U.S. Dist. LEXIS 25110, at *11 (D.V.I. App. Div. 2004) ("The mere fact that testimony given by a witness in support of an issue is not plausible does not destroy its probative force. Where, however, the testimony of a witness is incredible, inherently or physically impossible and unbelievable, inherently improbable and irreconcilable with, or contrary to physical facts and common observation and experience, where it is so opposed to all reasonable probabilities as to be manifestly false, or is contrary to the laws of nature or to well-known scientific principles . . . it is to be disregarded as being without evidentiary value even though uncontradicted.".

In this case, the victim's testimony was not inherently incredible. Paul testified that Seetaram and Huggins left Paul's office at approximately 10:30 a.m., and that it took "under five minutes" to drive from his office to St. Croix Radiator. (Trial Tr. 194, 204:1-15.) Viera testified that he was attacked near 11:00 a.m. (Trial Tr. at 25-27.) Even given Seetaram's alibi defense that he was at Paul's office until approximately 10:30 a.m., it is not improbable that Seetaram and Huggins could have attacked Moolenaar and Viera at St. Croix Radiator at approximately 11:00 a.m. Likewise, the jury could plausibly have believed the victims' eyewitness testimony that Seetaram and Huggins attacked them on the premises of St. Croix Radiator on the day in question. Witness testimony itself can uphold a conviction. *See, e.g., United States v. Perez,* 280 F.3d 318, 344 (3d Cir. 2002) (noting that the testimony of witnesses standing alone is sufficient to uphold a conviction). As such, we reject Seetaram's argument that there was insufficient evidence.

### B. Evidentiary Rulings

To demonstrate an abuse of discretion concerning an evidentiary ruling, a party must show that the trial court's decision was arbitrary, fanciful, or clearly unreasonable. *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532, 542 (3d Cir. 2007); *see also United States v. Versaint,* 849 F.2d 827, 831 (3d

*Seetaram v. Government of the V. I.*
D. C. Crim. App. No. 2005-014
Memorandum Opinion
Page 9

Cir. 1988). We will not disturb the trial court's exercise of discretion unless no reasonable person would adopt the trial court's view. *Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 519 (3d Cir. 2003) (citing *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). Seetaram contends that the trial court committed reversible error by excluding proffered testimony that would have demonstrated that the victims' testimonies were biased. Seetaram posits that the trial court's exclusion was particularly harmful because the gravamen of his defense was that bias[5] motivated Viera and Moolenaar to state that Seetaram and Huggins attacked them.

Our review of the record does not support Seetaram's contention. The trial transcripts show that the trial judge gave both Seetaram and Huggins considerable latitude to establish that Viera and Moolenaar were biased. For example, the trial court allowed Paul to testify that the defendants had filed a complaint against St. Croix Radiator just weeks before the incident. (Trial Tr. at 195.) The trial court allowed Paul to testify over objection that "on several occasions" he conducted on-site investigation of complaints against St. Croix Radiator prior to the assault. (Trial Tr. at 4-25, 195.)

---

[5] Seetaram posits that Viera and Moolenaar had motivation to lie because of a percolating animosity resulting from Seetaram and Huggins reporting St. Croix Radiator to the Department of Licensing and Consumer Affairs for corrupt business practices. (Appellant's Brief at 15.)

Seetaram and Huggins were also permitted to testify regarding bias. (Trial Tr. at 207:5-11; 207:13-17, 210.) The trial court again allowed testimony over objection regarding Huggins's issues with St. Croix Radiator.[6] (Trial Tr. at 209:1-25.) The trial court allowed Huggins to testify that he had problems with Viera's father, Samuel Viera, the proprietor of St. Croix Radiator, and allowed Huggins to testify that the on-going disputes motivated the victims to lie about the attack.

The trial court also allowed Huggins to testify as to Viera and Moolenaar's bias. The trial court allowed Huggins to testify that the assault was staged as a "cover up" in response to Huggins and Seetaram exposing St. Croix Radiator. (Trial Tr. at 212:6.) The trial court further allowed Huggins to testify that Viera and Moolenaar could be retaliating against Huggins and Seetaram:

| | |
|---|---|
| [DEFENSE]: | Is there any reason that you can think of that Mr. Israel Viera and Ms. Roxanne Moolena[a]r would say that you assaulted them if you did not assault them? |
| GOVERNMENT: | Objection. |
| [WITNESS]: | Many. |
| COURT: | You know what, I will allow it. |
| WITNESS: | Many. |

---

[6] "THE COURT: . . . I am going to allow it because it does go to bias." (Trial Tr. at 209:21-22.)

    [DEFENSE]:      And what would those reasons be?

    [WITNESS]:      Because I was revealing the fact to Alli Paul [Director of Consumer Protection] about the corruption that Mr. Samuel Viera had running in St. Croix Radiator.

(Trial Tr. at 212:11-24; 213:1-3.)

The trial court also admitted Seetaram's testimony that Viera and Moolenaar fabricated their accounts; that Seetaram and Huggins had assaulted them; and that retaliation was the driving motivation for Viera and Moolenaar to fabricate their testimony:

    Q.      [ ] I am asking you, is it your testimony that as far as you know that the reason they doing this or telling this story is because you went to Department of Licensing and Consumer?

    [SEETARAM]:    That's true.

(Trial Tr. at 241:1-5.)

Seetaram was also permitted to testify that he was with Huggins when the complaint against St. Croix Radiator was filed. (Trial Tr. at 237:11-12, 23-25.)

Hence, in contrast to Seetaram's contention on appeal, the record is clear: the Superior Court judge afforded Seetaram and Huggins considerable leeway develop their bias theory at trial; thus, leaving the jury to make determinations as to weight and credibility that are squarely within the jury's province to decide. As such, we will not disturb the jury's credibility or

weight determinations and accordingly reject Seetaram's argument.

### C. Ineffective Assistance of Counsel

Finally, Seetaram argues that his trial attorney provided ineffective assistance by failing to renew the judgment of acquittal after trial. Seetaram cites *Strickland v. Washington* in support of his position. *Strickland v. Washington*, 466 U.S. 668 (1984).[7] It is well settled that "Sixth Amendment ineffective assistance of counsel [appeals] under *Strickland* . . . are generally not entertained . . ." where the record does not speak to the defense attorney's strategic decisions. *United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004). Practically speaking, ineffective assistance of counsel claims frequently involve questions regarding conduct and strategy "that occurred outside the purview of the [trial] court and therefore can be resolved only after a factual development at an evidentiary hearing." *Id.*, *United States v. Swineheart*, 617 F.2d 336 (3d Cir. 1980). The record here gives no insight into Seetaram's lawyer's strategic decisions. As such, we reject Seetaram's

---

[7] Under *Strickland*, there are two components to an ineffective assistance of counsel inquiry; the petitioner bears the burden of establishing both. *Strickland*, 466 U.S. at 680. First, the representation must fall "below an objective standard of reasonableness." *Id.* at 687-88. Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's "overall performance," both before and at trial, and must be highly deferential to the attorney's judgments. *Id.* at 688-89. The proper inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

ineffective assistance of counsel claim as not ripe for review on the merits. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (explaining that a habeas petition "is preferable to direct appeal for deciding claims of ineffective assistance" because the trial record on direct appeal is "often incomplete or inadequate for this purpose").

## VI. CONCLUSION

For the foregoing reasons, the January 20, 2005, Judgment of the Superior Court will be affirmed. An appropriate order follows.